IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br>JASON TAYLOR MARTIN,<br><br>*Debtor.*<br><br>———————————————<br><br>NATHAN PARK,<br>*Plaintiff,*<br><br>vs.<br><br>JASON TAYLOR MARTIN,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 22-42492-elm7<br>CHAPTER 7<br><br><br>Adversary No._____ |

## COMPLAINT TO DETERMINE
## DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Nathan Park ("Park"), a Creditor in the above bankruptcy proceeding, and files this his Complaint to Determine Dischargeability of Debt and Objection to Discharge, pursuant to 11 U.S.C. §523(a)(6) and 11 U.S.C. §727 and in support thereof would show the Court the following:

1. 28 U.S.C. § 1334 grants the United States District Court for the Northern District of Texas jurisdiction over this adversary proceeding. This action has been referred to this Court pursuant to 28 U.S.C. § 157(a), and is brought pursuant to Bankruptcy Rule 7001, 11 U.S.C. §523(a)(6) and §727.

2. This action is a core proceeding under 28 U.S.C. §157(b)(1).

3. Venue is proper before this court under 28 U.S.C. §1409.

4. Defendant Jason Taylor Martin is the Debtor in this Chapter 7 case.

5. On or about October 10, 2021, Jason Martin initiated a telephone call to Marcus Powell, who is a retired United States Marine Corp member and owner of Powell Roofing and Construction, and who knows Nathan Park and does business with him. In the phone call, which was also heard by Mr. Powell's wife, Kalyn Powell, Martin stated that Park (1) was a murderer; (2) had placed a hit to kill Martin; (3) had killed Park's father-in-law; (4) had caused the murder of several other individuals; and (5) had caused the murders for financial benefit.

6. Park resides with his family in Hunt County for years and has been active in the community as well as the business community. He has enjoyed a reputation for high character and the fine behavior.

7. As a direct and proximate result of the publication of the defamatory statements, Park's reputation has been injured. The allegations contained in the defamatory statements have caused Park to suffer mental anguish, public humiliation, and embarrassment.[1]

### FIRST CAUSE OF ACTION
### 11 U.S.C. §523(a)(6)

8. Paragraphs through 1 through 7 are incorporated as if fully set out.

9. Pursuant to 11 U.S.C. §523(a)(6), this Court should determine that the indebtedness of Debtor to Nathan Park should not be dischargeable because the Debtor cannot discharge debts incurred for willful and malicious injury by the debtor. Martin's actions were willful and malicious and to cause injury to Park.

10. The allegations made by the Debtor are slander per se as they impute to Park a felony crime and imputes characteristics incompatible with his person and his business. Slander per se shows malice and therefore the second element of 11 U.S.C. §523(a)(6). The willful element

---

[1] These claims were part of a suit filed in Hunt County, Texas on November 29, 2022, in case styled *Nathan Park v. Jason Martin*, Cause No. 90644 in the 196th District Court, and stayed by the bankruptcy proceeding.

is met as the Debtor knew the statements were false and made the statements intentionally and deliberately to injure Park's reputation and business.

## SECOND CAUSE OF ACTION
## 11 U.S.C. §727(a)(2)(A)

11. Pleading further, Nathan Park would show that the Debtor should be denied any discharge and pursuant to §727(a)(2)(A) of the Bankruptcy Code because the Debtor, with intent to hinder, delay or defraud his creditors, transferred, removed, destroyed or concealed property of the Debtor within one year before the date of filing the Petition. A preponderance of the evidence will show the Debtor (1) transferred or concealed property; (2) belonging to the Debtor; (3) within one year of the filing of the Petition; and (4) performed with an intent to hinder, delay or defraud a creditor of the Estate.

12. A creditor need not prove that a debtor intended to hinder, delay and defraud his creditors; proof of any one is sufficient. A presumption of actual fraudulent intent necessary to bar a discharge arises when property is either transferred gratuitously or is transferred to relatives.

## THIRD CAUSE OF ACTION
## 11 U.S.C. §727(a)(5) – FAILURE TO EXPLAIN LOSS OF ASSETS

13. Pleading further, Nathan Park would show that the Debtor should be denied any discharge and pursuant to §727(a)(5) of the Bankruptcy Code because the Debtor failed to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities, including those relating to Nathan Park.

14. The Debtor has failed to explain the disposition of personal property assets. The Debtor cannot overcome his failure to explain the disposition of assets by mere general explanations. Substantial assets have disappeared from the Estate, yet the Debtor has not produced

supporting documentary evidence of the diminution of the Estate. Under §727(a)(5) of the Bankruptcy Code, discharge may be denied for the Debtor's failure to explain

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Nathan Park, requests that Debtor, Jason Taylor Martin, be cited to answer and appear herein and upon final trial hereof, that Nathan Park have a judgment against Jason Taylor Martin as follows:

(a) determining that the debt to Nathan Park is non-dischargeable pursuant to 11 U.S.C. §523(a)(6);

(b) that the Debtor be denied discharge pursuant to 11 U.S.C. §727(a)(2)(A) and 727(a)(5);

(c) costs of court;

(d) post-judgment interest at the federal judgment rate; and

(e) for such other relief as to which the Nathan Park may show himself entitled to receive.

Respectfully submitted,

/s/ Richard G. Dafoe
Richard G. Dafoe
State Bar No. 05309500
rdafoe@wslawpc.com
Scott E. Hayes
State Bar No. 09280050
shayes@wslawapc.com
**WADDELL SERAFINO GEARY RECHNER JENEVEIN P.C.**
Comerica Bank Tower
1717 Main Street, 25th Floor
Dallas, Texas 75201-7341
214-979-7400 – Telephone
214-979-7402 – Facsimile

**ATTORNEYS FOR NATHAN PARK**