IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br>JASON TAYLOR MARTIN,<br><br>*Debtor.*<br><br>―――――――――――――<br><br>DALTEX ELECTRIC, LLC,<br>*Plaintiff,*<br><br>vs.<br><br>JASON TAYLOR MARTIN,<br>*Defendant.* | §§§§§§§§§§§§§§ | CASE NO. 22-42492-elm7<br>CHAPTER 7<br><br><br>Adversary No. _____ |

## COMPLAINT TO DETERMINE
## DISCHARGEABILITY OF DEBT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Daltex Electric, LLC ("Daltex Electric"), a Creditor in the above bankruptcy proceeding, and files this its Complaint to Determine Dischargeability of Debt, pursuant to 11 U.S.C. §523(a)(2)(A), §523(a)(4), and §523(a)(6) and in support thereof would show the Court the following:

1. 28 U.S.C. § 1334 grants the United States District Court for the Northern District of Texas jurisdiction over this adversary proceeding. This action has been referred to this Court pursuant to 28 U.S.C. § 157(a), and is brought pursuant to Bankruptcy Rule 7001, 11 U.S.C. §523 and §727.

2. This action is a core proceeding under 28 U.S.C. §157(b)(1).

3. Venue is proper before this court under 28 U.S.C. §1409.

4. Defendant Jason Taylor Martin is the Debtor in this Chapter 7 case. Daltex Electric is seeking that the debt described in the foregoing paragraphs be excepted from the discharge in accordance with 11 U.S.C. §523(a)(2)(A), §523(a)(4), and §523(a)(6).

5. This is a suit about an owner and member of Daltex Electric, Jason Martin, who acted to sabotage Daltex Electric's business. Daltex Electric provides various electrical and construction-related services. Martin possessed and prevented access by other Daltex Electric representative to the business records of Daltex Electric, including its on-going contracts, employee files, accounting and bank records (and passwords and necessary access information to such records) as well as Daltex Electric's business information, such that Daltex Electric could not function. Martin also possessed and would not return to Daltex Electric a vehicle and equipment. Martin has moved and attempted to move Daltex Electric's existing and future business opportunities to himself and a company that he is involved with.

6. Martin is, and was at all times relevant hereto, an owner and member of Daltex Electric, and worked with Daltex Electric's clients and customers. Through his ownership in Daltex Electric, and his work at Daltex Electric for Daltex Electric's clients and customers, Martin is aware of and had access to Daltex Electric's customer information and contact information, communications with customers, contracts, pricing, bid histories, and marketing efforts. Martin has contacted Daltex Electronic customers trying to cause them to not work with Daltex Electric.

7. Martin worked against Daltex Electric and diverted Daltex Electric work and clients to another company that he is a part owner of, Daltex Construction Services, LLC.

8. Martin has also apparently told Daltex Electric's employees that they can take Daltex Electric's equipment and assets and sell them and keep the proceeds.

9. Upon learning of Martin's improper activities relating to Daltex Electric's business, its assets, confidential and proprietary information, and customer relations, Daltex Electric notified Martin and demanded that he cease and desist his activities adverse to Daltex Electric and its business. Martin did not do so.

## FIRST CAUSE OF ACTION
## 11 U.S.C. §523(a)(2)(A)

10. Paragraphs through 1 through 9 are incorporated as if fully set out.

11. The Debtor's misrepresentations, false pretenses, and fraud upon customers of Daltex Electric concealed the fact that he was diverting corporate opportunities from Daltex Electric to Daltex Construction and himself. Those misrepresentations, false pretenses and fraud were made with the intent to deceive. The representations were made by the Debtor knowing Daltex Electric would not have approved of his fraudulent representations, his deceptive conduct or agreed such conduct was permissible. The Debtor knew at the time the representations were made to customers that they were false. Pursuant to 11 U.S.C. §523(a)(2)(A), this Court should determine that the indebtedness of Debtor to Daltex Electric should not be dischargeable because the Debtor cannot discharge a debt for money to the extent it was obtained by false pretenses, a false representation, or actual fraud.

12. The Debtor's misrepresentations resulted in damages to Daltex Electric.

## SECOND CAUSE OF ACTION --U.S.C. §523(a)(4)

13. Paragraphs through 1 through 9 are incorporated as if fully set out.

14. The Debtor through embezzlement intentionally diverted corporate opportunities and assets from Daltex Electric while he was employed by and an owner by Daltex Electric to himself and a company he controls, Daltex Construction. The Debtor conducted business as a competitor and knew that financial harm to Daltex Electric would result as a natural consequence of his intentional acts.

15. The Debtor's actions of embezzlement resulted in damages to Daltex Electric.

16. Pleading further, pursuant to 11 U.S.C. §523(a)(4), this Court should determine that the indebtedness of Debtor to Daltex Electric, LLC should not be dischargeable because the Debtor cannot discharge debts to the extent that it was obtained by embezzlement.

### THIRD CAUSE OF ACTION --U.S.C. §523(a)(6)

17. Paragraphs through 1 through 9 are incorporated as if fully set out.

18. The debt in question represents a debt the Debtor incurred through his willful and malicious actions, which resulted in economic injury to Daltex Electric. Specifically, the Debtor willfully committed multiple acts of tortious interference with Daltex Electric business. The wrongful acts were done intentionally and necessarily produced harm and damages to Daltex Electric. The damage was done without just cause or excuse.

19. The above-referenced acts that Debtor committed amounted to theft of corporate opportunities. The Debtor intended to do what the Debtor is accused of and intended to cause damages. The Debtor had a subjective motive to cause harm to Daltex Electric or with objective certainty that it would result in harm to Daltex Electric. Since the debt was incurred as a result of the willful and malicious acts of Debtor, it is not dischargeable pursuant to 11 U.S.C. §523(a)(6).

20. Attorneys' fees should be included the non-dischargeable debt under 11 U.S.C. §523(a)(6). Daltex Electric has statutory or contractual grounds by which it can recover attorneys'

fees in a non-dischargeability case. Therefore, attorneys' fees are recoverable and non-dischargeable if the fees "arise from" or "are on account of" the conduct resulting in a non-dischargeable debt.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Daltex Electric, LLC, requests that Debtor, Jason Taylor Martin, be cited to answer and appear herein and upon final trial hereof, that Daltex Electric, LLC have a judgment against Jason Taylor Martin as follows:

(a) determining that the debt to Plaintiff Daltex Electric, LLC is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), §523(a)(4), and §523(a)(6);

(b) costs of court;

(c) post-judgment interest at the federal judgment rate; and

(d) for such other relief as to which the Plaintiff Daltex Electric, LLC may show itself entitled to receive.

Respectfully submitted,

/s/ Richard G. Dafoe
Richard G. Dafoe
State Bar No. 05309500
rdafoe@wslawpc.com
Scott E. Hayes
State Bar No. 09280050
shayes@wslawapc.com
**WADDELL SERAFINO GEARY RECHNER JENEVEIN P.C.**
Comerica Bank Tower
1717 Main Street, 25th Floor
Dallas, Texas  75201-7341
214-979-7400 – Telephone
214-979-7402 – Facsimile

**ATTORNEYS FOR DALTEX ELECTRIC, LLC**