Laurie Dahl Rea
State Bar No. 00796150
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, TX  76102
Telephone:  (817) 347-5260
Facsimile:  (817) 347-5269
laurie.rea@romclaw.com

COUNSEL FOR THE
CHAPTER 7 TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| JASON TAYLOR MARTIN, | ) | CASE NO. 22-42492-ELM-7 |
| | ) | |
| Debtor. | ) | |

### TRUSTEE'S OBJECTION TO AGREED MOTION TO LIFT
### AUTOMATIC STAY TO FINALIZE DIVORCE

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

Laurie Dahl Rea, the Chapter 7 Trustee ("Trustee") in this case, files this *Objection* to the *Agreed Motion to Lift Automatic Stay to Finalize Divorce* (the "Motion") filed on February 5, 2025 [Docket No. 40] and would respectfully show as follows:

### SPECIFIC RESPONSES

1.    As to the allegations made in Paragraph 1 of the Motion, the Trustee admits that the court has jurisdiction over this matter.

2.    As to the allegations made in Paragraph 2 of the Motion, the Trustee admits that this is a core matter.

3.    As to the allegations made in Paragraph 3 of the Motion, the Trustee admits that venue is proper.

4. The Trustee admits the factual allegations in Paragraph 4 of the Motion.

5. The Trustee admits the factual allegations in Paragraph 5 of the Motion.

6. The Trustee does not have sufficient knowledge to admit or deny the factual allegations in Paragraph 6 of the Motion. The Trustee notes that there is no Exhibit A attached to the Motion. Counsel for the Debtor provided a copy of the proposed agreed final decree on February 11, 2025.

7. The Trustee does not have sufficient knowledge to admit or deny the factual allegations in Paragraph 7 of the Motion.

8. At this time, the Trustee cannot agree to the relief sought in Paragraph 8 of the Motion because the proposed agreed final decree would have an adverse impact on the estate and its creditors.

9. The Trustee denies the factual allegations and assertions in Paragraph 9 of the Motion, because the proposed agreed final decree will affect the bankruptcy estate.

10. The Trustee asserts that the relief requested in paragraph 10 of the Motion is not appropriate under section 362(d) because the proposed agreed final decree does more than dissolve the marriage and provide for custody and care of the minor child. As discussed in more detail below, the proposed agreed final decree allocates property of the estate between the Debtor and his spouse in a way that would prejudice creditors, specifically, the Internal Revenue Service.

11. As to paragraph 11 of the Motion, it is not clear that all creditors were served with the Motion based on the Motion as filed on the docket and the certificate of service attached to the Motion.

## ADDITIONAL INFORMATION

12. There are three non-exempt assets in this estate: (a) $71,128.45 in proceeds from the sale of a homestead owned by the Debtor and his spouse, which have been held by the Trustee since early 2023; (b) the Debtor's 60% interest in Daltex Construction Services, LLC; and (c) the Debtor's 40% interest in Daltex Electric, LLC.

13. The Debtor used his wildcard exemption to exempt $13,795.00 of the homestead proceeds.

14. The homestead proceeds appear to be community property included in the definition of property of the estate by section 541(a)(2). To the best of the Trustee's knowledge, the homestead was purchased and sold during the Debtor's marriage, and the proceeds were under the joint or equal control of the Debtor and his spouse until they agreed to turn the proceeds over to the Trustee.

15. The IRS filed a priority claim for $205,327.51 (and a general unsecured claim of $889.78) attributable to tax debts incurred during the marriage. *See* Proof of Claim No. 8-2.

16. The 60% owner of Daltex Electric, LLC filed adversary proceeding number 23-4002 seeking to deny the Debtor's discharge. Daltex Electric, LLC has also filed a claim for $500,000. *See* Proof of Claim No. 23.

17. The proposed agreed final decree contains the following provisions that would affect the administration of the estate:

   a. Paragraphs P-10 and R-10 would divide the homestead proceeds between the Debtor and his spouse on a 50%-50% basis. *See* pages 22-24.

   b. Paragraphs P-1 and R-1 on page 24 of the proposed decree allocated the parties tax liabilities going forward without addressing the community debt

    owed to the IRS.

  c. Paragraph P-11 would vest 100% of Daltex Electric, LLC in the Debtor. *See* page 23. Paragraph P-1 on page 24 would allocate all of the Daltex Electric, LLC liability to the Debtor.

18. Approval of the proposed agreed final decree would deprive the IRS of part of its payment.

19. The Debtor's spouse does not appear to have the power to agree that 100% of Daltex Electric, LLC would belong to the Debtor, as she does not own that asset.

## **CONCLUSION**

20. The Trustee has no objection to the dissolution of the marriage, the provisions regarding custody and care of the minor child, or the division of non-estate assets and non-estate liabilities.

21. The Trustee objects to the Motion to the extent the parties have divided assets or allocated liabilities contrary to the Bankruptcy Code and included other provisions that will affect the estate and its creditors.

22. Accordingly, the Trustee asks the Court to deny the Motion unless the proposed agreed final decree is revised.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order consistent with this objection and grant the Trustee all other just and proper relief.

Dated: February 18, 2025.                Respectfully submitted,

/s/ Laurie Dahl Rea
Laurie Dahl Rea
State Bar No. 00796150
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, TX  76102
Telephone: (817) 347-5260
Facsimile: (817) 347-5269

COUNSEL FOR THE
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2025, a true and correct copy of the foregoing document was electronically filed in the above captioned case with the Clerk of the United States Bankruptcy Court by using the CM/ECF system and a copy was served via the Court's CM/ECF Electronic notification system, where available, or via U.S. mail on the parties set forth on the attached service list.

/s/ Laurie Dahl Rea
Laurie Dahl Rea